**KOLLER LAW LLC**
David M. Koller, Esq. (037082002)                    *Attorney for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **NANCY ALTIMARI** | : | **Civil Action No.** |
| **1646 Neshaminy Valley Drive** | : | |
| **Bensalem, PA 19020** | : | |
| *Plaintiff,* | : | |
| | : | |
| v. | : | **Complaint and Jury Demand** |
| | : | |
| **XANITOS, INC.** | : | |
| **2201 Chapel Avenue West** | : | |
| **Cherry Hill, NJ 08002** | : | |
| | : | |
| **3809 West Chester Pike, Suite 210** | : | |
| **Newtown Square, PA 19073** | : | |
| *Defendant.* | : | |

### CIVIL ACTION

Plaintiff, Nancy Altimari (hereinafter "Plaintiff"), by and through her attorney, Koller Law, LLC, bring this civil matter against Xanitos, Inc. (hereinafter "Defendant"), for violations of the Americans with Disabilities Act of 1990 ("ADA"), as amended, Title VII of the Civil Rights Act of 1964, as amended, the New Jersey Law Against Discrimination ("NJLAD") and the Equal Pay Act ("EPA"). In support thereof, Plaintiff avers as follows:

### THE PARTIES

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing at the above captioned address.

3. Upon information and belief, Xanitos, Inc. is a hospital housekeeping, patient transport and central laundry service with a headquarters located at 3809 West Chester Pike, Suite 210, Newtown Square, PA 19073.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer. In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth

2

herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the District of New Jersey pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because some of the Plaintiff is domiciled in this judicial district, the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

12. Plaintiff exhausted her administrative remedies under Title VII of the Civil Rights Act of 1964, as amended, the Americans with Disabilities Act of 1990, as amended, the Pennsylvania Human Relations Act and the Equal Pay Act.

13. Plaintiff timely filed a Complaint of Discrimination ("Complaint") with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging gender and disability discrimination, retaliation and unequal pay due to gender against Defendant.

14. The Complaint was assigned a Charge Number of 530-2017-01348 and was dual filed with the New Jersey Division on Civil Rights ("NJDCR").

15. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") relative to the Charge and that Notice is dated October 2, 2017. Plaintiff received the notice by mail.

16. Prior to the filing of this action, Plaintiff notified the EEOC of her intent to proceed with a lawsuit in federal court.

17. Plaintiff files the instant Complaint within ninety (90) days of her receipt of her Right to Sue in this matter.

18. Plaintiff has exhausted her administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

### PLAINTIFF IS DISABLED UNDER THE LAW

19. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

20. Plaintiff has the disability of otosclerosis.

21. Plaintiff was diagnosed with this disability in or around 2005.

22. The disability causes the following symptoms: hearing loss.

### DEFENDANT KNEW OF PLAINTIFF'S DISABILITY

23. When Defendant interviewed Plaintiff for employment, Plaintiff disclosed her hearing problem to Eric Creaney, the Director of Environmental Services.

24. Defendant was aware of Plaintiff's aforementioned disability.

### DEFENDANT HIRED PLAINTIFF ON SEPTEMBER 12, 2016

25. Defendant hired Plaintiff as a Supervisor of Environmental Services on September 12, 2016.

26. Plaintiff performed well in that capacity.

### THERE WERE SOME ISSUES WITH PLAINTIFF'S EMPLOYMENT, AND SHE COMPLAINED TO HUMAN RESOURCES

27. Early on in her employment, Plaintiff noticed some discrepancies in her schedule, hours worked, and pay she was to receive.

28. Plaintiff contacted Human Resources to discuss these matters.

## Mr. CREANEY INTIMIDATED PLAINTIFF AND THREATENED HER ABOUT CONTACTING HUMAN RESOURCES

29. Upon learning that Plaintiff went to Human Resources, Mr. Creaney called Plaintiff at home on her cell phone at night and told her never to contact Human Resources.

30. The next day, Mr. Creaney called Plaintiff into his office and told her not to call Human Resources. He also said that if she ever had a problem, just come to him and do not let Human Resources know about what is going on in Cherry Hill.

## Mr. CRENEY MOCKED PLAINTIFF AS "DEAF" AND MADE JOKES ABOUT HER DISABILITY

31. Plaintiff reported to Mr. Creaney. He was her supervisor.

32. Mr. Creaney knew of Plaintiff's disability.

33. Mr. Creaney referred to Plaintiff as "deaf."

34. Mr. Creaney made jokes about Plaintiff and her disability.

35. Mr. Creaney told Plaintiff that she should not be emotional.

36. Mr. Creaney referred to female employees as "fucking bitches."

## PLAINTIFF DISCOVERED A PAY DISPARITY BETWEEN MEN AND WOMEN

37. During her employment, Plaintiff discovered that a male Manager of Environmental Services, Amir Timbers, was paid $2,000 more than Plaintiff.

38. Plaintiff had more experience and was more qualified than Mr. Timbers and worked more hours than he worked.

39. In addition, Plaintiff had more job responsibilities than Mr. Timbers, like attending meetings, writing reports, and preparing responsibilities for the next shift.

## IN NOVEMBER OF 2016, PLAINTIFF COMPLAINED TO ANOTHER DIRECTOR ABOUT THE PAY DISPARITY AND Mr. CREANEY'S HARASSMENT

40. Plaintiff called a Director at another one of Defendant's locations (Jennifer Biscup) in November 2016, and in the call, complained about the pay disparity that she discovered as well as Mr. Creaney's treatment of her.

41. Ms. Biscup had recruited Plaintiff to Defendant, so Plaintiff felt comfortable discussing these issues with Ms. Biscup.

## Mr. CREANEY RETALIATED AGAINST PLAINTIFF THE DAY AFTER SHE COMPLAINED TO HIM

42. The very next day after Plaintiff spoke to Ms. Biscup, Mr. Creaney issued Plaintiff a write up for calling a co-worker "hun."

43. He told Plaintiff "I told you before about complaining about things and I told you about talking to other people about Cherry Hill. I don't care who you know."

## DEFENDANT SUSPENDED PLAINTIFF ON DECEMBER 12, 2016 AND TERMINATED HER ON DECEMBER 15, 2016

44. On December 12, 2016, Plaintiff was put on suspension for dropping her keys and phone on her desk during an argument with a subordinate.

45. On December 15, 2016, Mr. Creaney terminated Plaintiff for alleged unprofessional behavior.

46. Males, in particular Mr. Timbers (who engaged in a verbal altercation with a subordinate that nearly turned physical and was not disciplined) were treated more favorably than Plaintiff.

## COUNT I – GENDER DISCRIMINATION TITLE VII OF THE CIVILE RIGHTS ACT OF 1964, AS AMENDED

47. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

48. Plaintiff is a member of protected classes in that she is female.

49. Plaintiff was qualified to perform the job.

50. Similarly situated persons outside of Plaintiff's protected classes were treated more favorably than Plaintiff.

51. Circumstances exist related to the above cited employment actions that give rise to an inference of discrimination.

52. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

53. The reasons cited by Defendant for the adverse employment actions that Plaintiff suffered are pretext for discrimination.

54. Defendant terminated Plaintiff.

55. As a result of Defendant's unlawful gender discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT II – GENDER DISCRIMINATION
## PENNSYLVANIA HUMAN RELATIONS ACT

56. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

57. Plaintiff is a member of protected class in that she is female.

58. Plaintiff was qualified to perform the job.

59. Similarly situated persons outside of Plaintiff's protected classes were treated more favorably than Plaintiff.

60. Circumstances exist related to the above cited employment actions that give rise to an

inference of discrimination.

61. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

62. The reasons cited by Defendant for the adverse employment actions that Plaintiff suffered are pretext for discrimination.

63. Defendant terminated Plaintiff.

64. As a result of Defendant's unlawful gender discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT III – DISPARATE TREATMENT/HOSTILE WORK ENVIRONMENT AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED

65. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

66. Plaintiff is disabled under the ADA.

67. Plaintiff has disabilities that substantially limit major life activities.

68. Plaintiff was qualified to perform the job.

69. Plaintiff was subject to an adverse employment action, including, but not limited to harassment and termination.

70. Circumstances indicated that Plaintiff's disabilities were the reason for the adverse employment action.

71. Plaintiff was subjected to a hostile work environment due to the harassment conducted by her supervisor, Mr. Creaney.

72. Defendant did not have a legitimate non-discriminatory reason for terminating Plaintiff.

73. Plaintiff's disabilities motivated Defendant's decision to terminate Plaintiff.

74. The purported reason for Defendant's decision is pretextual.

75. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

76. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT IV – DISPARATE TREATMENT/HOSTILE WORK ENVIRONMENT NEW JERSEY LAW AGAINST DISCRIMINATION

77. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

78. Plaintiff is disabled under the NJLAD.

79. Plaintiff has disabilities that substantially limit major life activities.

80. Plaintiff was qualified to perform the job.

81. Plaintiff was subject to an adverse employment action, including, but not limited to harassment and termination.

82. Circumstances indicated that Plaintiff's disabilities were the reason for the adverse employment action.

83. Plaintiff was subjected to a hostile work environment due to the harassment conducted by her supervisor, Mr. Creaney.

84. Defendant did not have a legitimate non-discriminatory reason for terminating Plaintiff.

85. Plaintiff's disabilities motivated Defendant's decision to terminate Plaintiff.

86. The purported reason for Defendant's decision is pretextual.

87. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

88. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT V – RETALIATION
## AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED

89. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

90. Plaintiff engaged in activity protected by the ADA.

91. Plaintiff complained of discrimination internally by reporting the same to a Director.

92. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

93. There exists a causal connection between Plaintiff's participation of the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT VI – RETALIATION
## NEW JERSEY LAW AGAINST DISCRIMINATION

94. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

95. Plaintiff engaged in activity protected by the NJLAD.

96. Plaintiff complained of discrimination internally by reporting the same to a Director.

97. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

98. There exists a causal connection between Plaintiff's participation of the protected activity and the adverse employment action.

## COUNT VII – RETALIATION
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

99. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

100. Plaintiff engaged in activity protected by Title VII.

101. Plaintiff complained of discrimination internally by reporting the same to a Director.

102. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

103. There exists a causal connection between Plaintiff's participation of the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT VIII – PAY DISCRIMINATION
## THE EQUAL PAY ACT

104. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

105. During her time of employment with Defendant, Plaintiff was paid at a lower raite than that of her male co-worker.

106. Plaintiff performed the same job at the male co-worker, and had more experience, job duties and scheduled time.

107. In violation of the EPA, Defendant paid Plaintiff at a lower rate due to her sex.

108. Defendant had no legitimate, non-discriminatory reasons for its actions.

109. Plaintiff has suffered damages as a result of Defendant's unlawful actions.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Nancy Altimari, requests that the Court grant her the following relief against Defendant:

(a)     Compensatory damages;

(b)     Punitive damages;

(c)     Liquidated damages;

(d)     Emotional pain and suffering;

(e)     Reasonable attorneys' fees;

(f)     Recoverable costs;

(g)     Pre and post judgment interest;

(h)     An allowance to compensate for negative tax consequences;

(i)     A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of Title VII, the ADA, the EPA and the NJLAD.

(j)     Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(k)     Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(l)     Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

**JURY TRIAL DEMAND**

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

RESPECTFULLY SUBMITTED,

**KOLLER LAW, LLC**

Date: January 3, 2018                    **By:**   *David M. Koller*
                                                        David M. Koller, Esquire
                                                        Attorney ID No. 037082002
                                                        2043 Locust Street, Suite 1B
                                                        Philadelphia, PA 19103
                                                        215-545-8917
                                                        davidk@kollerlawfirm.com
                                                        *Counsel for Plaintiff*